## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MAIN IRON WORKS LLC**                          **CIVIL ACTION**


**VERSUS**                                       **NO. 14-1109 c/w 14-2450**


**ROLLS ROYCE MARINE**
**NORTH AMERICA, INC.**                          **SECTION "H"(4)**
                                                 **(applies to 14-2450)**


## ORDER AND REASONS

Before the Court is Defendants Motion to Dismiss, Transfer, or Stay (R. Doc. 24). For the following reasons, this Motion is DENIED.


## BACKGROUND

This is a maritime action arising out of the repair of a vessel.  Movants Harbor Docking & Towing Co. and Point Comfort Towing, Inc. (collectively "Movants") contracted with several entities for the construction of two vessels—the M/V Carl and M/V Pat.  Specifically, Movants engaged Main Iron Works, LLC ("MIW") to build the vessels and Rolls-Royce Marine North America,

1

Inc. ("Rolls Royce") to install a z-drive propulsion system in the boats (the "z-drive" or "thruster").

During a sea trial of the M/V Carl, the z-drive was damaged when it ingested a tire.  MIW removed the tire and contacted Rolls Royce to repair the damage caused by the ingestion of the tire.  Rolls Royce repaired the thruster and invoiced MIW for almost $450,000.  MIW refused to pay and filed a petition in state court for a declaratory judgment that it does not owe Rolls Royce for the repairs.

After removing the action to this Court, Rolls Royce brought counterclaims against MIW requesting payment under various legal theories, including breach of contract, account stated, promissory estoppel, negligent misrepresentation, quantum meruit, and unjust enrichment.  Subsequently, Rolls Royce also filed a separate action against Movants, which was consolidated with the first action,  seeking payment for the same repair under the theories of quantum meruit and unjust enrichment.

Prior to Rolls Royce's suit against Movants in this Court, Movants had brought suit in a state court in Calcasieu Parish against MIW, Rolls Royce, and other entities involved in the design and construction of the M/V Carl and M/V Pat (the "First-Filed Suit").  In that suit, Movants allege breach of contract and negligent design, construction, and repair of the vessels. Specifically, they allege that the z-drive systems in the vessels overheat, or "run hot," when they reach a certain RPM.  One of the defendants in the First-Filed Suit removed the action to federal court, however, the court subsequently granted a motion to remand.

2

The suit remains pending in state court in Calcasieu Parish.

Movants have filed the instant Motion requesting that this Court dismiss, transfer, or stay Rolls Royce's claims against them in light of the relatedness of the First-Filed Suit.

## LAW AND ANALYSIS

Movants base their request that this Court dismiss, transfer, or stay this litigation on the first-to-file rule. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[1] "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."[2]

An inherent requirement of the first-to-file rule, then, is that the related litigation is pending in two *federal* district courts.  In this case, there is no longer a second suit pending in federal court.  As detailed above, the First-Filed Suit was filed by Movants in state court, removed to a federal district court in the Western District of Louisiana by a defendant, and then remanded back to state court *at the request of Movants*.  A magistrate judge in the Western District ordered the case remanded on November 19, 2014, and the remand became final on December 5, 2014.[3]  Movants filed the instant Motion in this Court on

---

[1] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

[2] *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728 (5th Cir. 1985).

[3] No. 2:14-cv-02487, R. Docs. 39, 40.

November 26, 2014. Movants request to this Court—that it transfer this matter to the Western District during the fourteen-day pendency before the order to remand became final—appears to be a futile attempt to have their cake and eat it too. Movants apparently would like to have both cases litigated in state court in Calcasieu Parish. This Court declines to assist Movants in forum shopping. In addition, the remand of the First-Filed Suit is now final, and thus, the first-to-file rule is inapplicable. Movants failed to brief this Court on any additional theories under which it should consider dismissing, transferring, or staying this litigation. Accordingly, it declines to address any.

## CONCLUSION

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana, this 13th day of March, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

4