## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MAIN IRON WORKS LLC**                          **CIVIL ACTION**

**VERSUS**                                       **NO. 14-1109 c/w14-2450**

**ROLLS ROYCE MARINE**
**NORTH AMERICA, INC.**                          **SECTION "H"(4)**
                                                 **(applies to 14-2450)**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (R. Doc. 40). For the following reasons, this Motion is DENIED.

## BACKGROUND

This is a maritime action arising out of the repair of a vessel. Movants Harbor Docking & Towing Co. and Point Comfort Towing, Inc. (collectively "Movants") contracted with several entities for the construction of two vessels—the M/V Carl and M/V Pat. Specifically, Movants engaged Main Iron Works, LLC ("MIW") to build the vessels and Rolls-Royce Marine North America,

1

Inc. ("Rolls Royce") to install a z-drive propulsion system in the boats (the "z-drive" or "thruster").

During a sea trial of the M/V Carl, the z-drive was damaged when it ingested a tire.  MIW removed the tire and contacted Rolls Royce to repair the damage caused by the ingestion of the tire.  Rolls Royce repaired the thruster and invoiced MIW for almost $450,000.  MIW refused to pay and filed a petition in state court for a declaratory judgment that it does not owe Rolls Royce for the repairs.

After removing the action to this Court, Rolls Royce brought counterclaims against MIW requesting payment under various legal theories, including breach of contract, open account, promissory estoppel, negligent misrepresentation, quantum meruit, and unjust enrichment.  Subsequently, Rolls Royce also filed a separate action against Movants, which was consolidated with the first action,  seeking payment for the same repair under the theories of quantum meruit and unjust enrichment.

Prior to Rolls Royce's suit against Movants in this Court, Movants had brought suit in a state court in Calcasieu Parish against MIW, Rolls Royce, and other entities involved in the design and construction of the M/V Carl and M/V Pat (the "First-Filed Suit").  In that suit, Movants allege breach of contract and negligent design, construction, and repair of the vessels.  One of the defendants in the First-Filed Suit removed the action to federal court, but the court subsequently granted a motion to remand.  The suit remains pending in state court in Calcasieu Parish.

2

Prior to the remand of the First-Filed Suit becoming final, Movants filed a Motion to Dismiss, Transfer, or Stay the case pending in front of this Court based on the first-to-file rule.  The motion was denied in light of the fact that the First-Filed Suit had since been remanded back to state court, and there was therefore no federal court to which this Court could transfer the matter.  The Court expressly noted that Movants failed to brief any other theories under which it could consider transferring, dismissing, or staying this matter, and therefore, the Court declined to consider any.

Movants now ask this Court to dismiss Rolls Royce's quantum meruit and unjust enrichment claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  A court must accept the complaint's factual allegations as true and must "draw all reasonable

---

[1] The quasi-contractual quantum meruit theory of enrichment without cause incorporates the principles of unjust enrichment, *Cent. Facilities Operating Co. v. Cinemark USA, Inc.*, 36 F. Supp. 3d 700, 707 (M.D. La. 2014), and the terms will, therefore, be used interchangeably throughout this Order.

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[3] *Id.*

inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[7] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

## LAW AND ANALYSIS

As a threshold matter, Rolls Royce argues that Movants have waived their right to file this motion pursuant to Federal Rule of Civil Procedure 12(g).  Rule 12(g)(2) states that, with a few exceptions, "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[9] Rolls Royce argues that Movants' first motion, which asked this Court to dismiss, transfer, or stay this litigation pursuant to the first-to-file rule, was tantamount to a Rule 12(b)(1) motion for abstention.  Rolls Royce argues that because the First-Filed Suit had already been remanded back to state court at

---

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 667.

[6] *Id.*

[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[8] *Lormand*, 565 F.3d at 255–57.

[9] Fed. R. Civ. P. 12.

the time Movants filed their first motion, the only doctrine under which this Court could have dismissed, transferred, or stayed this suit was an abstention doctrine. While true, Movants' first motion was completely devoid of any mention of abstention, and instead, relied entirely on the first-to-file rule. Indeed, this Court's Order even noted that "Movants failed to brief this Court on any additional theories under which it should consider dismissing, transferring, or staying this litigation."[10] Accordingly, this Court declines to construe Movants' first motion as a Rule 12 motion for abstention when it made no mention of such. Rolls Royce has not argued, and this Court could find no case stating, that a motion under the first-to-file rule is a Rule 12 Motion. Therefore, this Court holds that the instant Motion is the first by Movants pursuant to Rule 12, and Movants have therefore not waived their right to bring it.

In this Motion, Movants argue that Rolls Royce cannot bring a quantum meruit or unjust enrichment claim against them when it has claims against MIW for the same repair. Indeed, Rolls Royce admits that its claims against Movants are brought as an alternative in the event that the Court finds that no contract exists between Rolls Royce and MIW and that MIW is therefore not liable for the repairs.

> The five requirements for a showing of unjust enrichment . . . are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law

---

[10] R. Doc. 33.

available to plaintiff.[11]

Because Rolls Royce has properly alleged that Movants, as owners of the M/V PAT and CARL, have benefitted from the repair of the damaged thruster for which Rolls Royce seeks payment, the only element at issue here is the fifth: whether Rolls Royce has another remedy at law.  Louisiana Civil Code article 2298 expressly states that the remedy of unjust enrichment "is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule."[12]  The Louisiana Supreme Court has stated that unjust enrichment is a remedy of last resort in Louisiana.[13]  Therefore, if a plaintiff has a valid claim under any legal theory, he may not pursue a claim of unjust enrichment.[14]  Indeed, the Louisiana Supreme Court has held that "[t]he mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."[15] "It is not the success or failure of other causes of action, but rather the existence of other causes of action, that determines whether unjust enrichment can be applied."[16]

Further, "[t]he Louisiana courts of appeals have also made clear that an unjust enrichment claim will not lie so long as the law provides a remedy for the

---

[11] *Baker v. Maclay Properties Co.*, 648 So. 2d 888, 897 (La. 1995).

[12] La. Civ. Code art. 2298.

[13] *Walters v. MedSouth Record Mgmt., LLC*, 38 So. 3d 243, 244 (La. 2010).

[14] *Id.*

[15] *Id.*

[16] *USA Disaster Discovery, Inc. v. St. Tammany Parish Gov't*, 111 So. 3d 425, 430 (La. App. 1 Cir. 2012) *writ granted, judgment rev'd sub nom. USA Disaster Recovery, Inc. v. St. Tammany Parish Gov't*, 145 So. 3d 235 (La. 2013).

enrichment against anyone, not only the defendant against whom the unjust enrichment claim is asserted."[17]  Therefore, a plaintiff is precluded from bringing a claim for unjust enrichment even when he has a claim against someone other than the enriched party.

Movants argue that Rolls Royce is not entitled to bring an unjust enrichment claim against them because it has a breach of contract claim against MIW for the same repair. In response, Rolls Royce argues that because MIW disputes that a contract even exists between it and Rolls Royce, it is premature to dismiss Rolls Royce's unjust enrichment claims against Movants because it has not yet been established whether Rolls Royce actually has another remedy at law, i.e. a breach of contract claim.  This Court agrees with Rolls Royce.  "It is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determines whether unjust enrichment can be applied."[18]  If this Court finds that no contract exists between MIW and Rolls Royce, a breach of contract or open account claim likewise does not exist.[19]  "In

---

[17] *Williams v. Chesapeake Louisiana, Inc.*, No. 10-1906, 2013 WL 951251, at *7 (W.D. La. Mar. 11, 2013) ("When the law only provides a remedy against someone who is not the enriched defendant, a cause of action against the enriched defendant is still not available."); *see, e.g.*, *Fagot v. Parsons*, 958 So. 2d 750, 753 (La. App. 4 Cir. 2007) ("There are two other remedies that do not involve Ms. Laborde—one against Johnson Rice, which has already been exercised, and another against the actual tortfeasor, Mr. Parsons. Because of the availability of other remedies, under the holding of the Baker case, Ms. Fagot has no cause of action against Ms. Laborde for unjust enrichment."); *Hall v. James*, 986 So. 2d 817, 819 (La. App. 2 Cir. 2008); *Soileau v. ABC Ins. Co.*, 844 So. 2d 108, 111 (La. App. 3 Cir. 2003).

[18] *USA Disaster Discovery, Inc.*, 111 So. 3d at 430.

[19] "To prevail on a suit on open account, the creditor must prove that the debtor contracted for the services on an open account. There must necessarily be a contract which gave rise to the debt." *Dixie Mach. Welding & Metal Works, Inc. v. Gulf States Marine Technical Bureau, Inc.*, 692 So. 2d 1167, 1169 (La. App. 5 Cir. 1997).

the absence of a contract or agreement, enrichment without cause provides the only legal remedy for a plaintiff's recovery."[20]  On the other hand, "the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory, because the potential claim constitutes a practical remedy at law available to the impoverishee."[21]  Accordingly, dismissal of Rolls Royce's unjust enrichment claim against Movants would be premature because it has not yet been shown that Rolls Royce has another remedy at law.  If this Court later decides that a contract exists between Rolls Royce and MIW, Movants are invited to reurge a motion based on this theory.

**CONCLUSION**

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana, this 29th day of June, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] *Cent. Facilities Operating Co. v. Cinemark USA, Inc.*, 36 F. Supp. 3d 700, 707 (M.D. La. 2014); *see Villars v. Edwards*, 412 So. 2d 122, 125 (La. App. 1 Cir. 1982) ("Hence, although no oral contract was consummated between the parties because there was no "meeting of the minds" as to price, we hold that Villars is entitled to recover under the quasi-contractual theory of quantum meruit . . . .").

[21] *E.g.*, *Garber v. Badon & Ranier*, 981 So. 2d 92, 100  (La. App. 3 Cir. 2008); *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So. 2d 569, 572 (La. 1989).